### KERON and HIRT *vs.* COON and PLATT.

1. The general rule is that where the equity of the bill is completely answered, the injunction will be dissolved.

2. It affords no ground of exception to the rule, that the bill is verified by an affidavit to all the material facts, and the answer is only verified by the usual oath of the defendant, which it is claimed gives the bill a preponderance, when the alleged equity is only a matter of inference from the affidavit, and is distinctly and positively denied by the answer.

3. A delay of six years, however occasioned, in prosecuting a suit upon a bail bond, of itself, constitutes no claim to equitable relief by injunction to restrain the suit.

4. That a dissolution of the injunction to stay a suit at law, would leave the complainant remediless, alone, affords no sufficient reason for holding the injunction till the hearing, when that remedilessness consists in the want of a valid defence to the suit.

On motion to dissolve injunction, on bill and answer.

*Mr. D. A. Hayes,* for the motion.

*Mr. R. S. Green,* contra.

THE CHANCELLOR.

The complainants, John Keron and George Hirt, seek to restrain the defendants, William H. H. Coon and Zephaniah Platt, from further prosecuting a suit at law in the Union Circuit Court, instituted by the latter against the former, in 1868, upon a bail bond in the penalty of $470.92, executed by Keron and Hirt on the 15th of February, 1868, as bail

for Marsh H. Tucker, in an action of assumpsit, brought by Coon and Platt, as partners, against him. In the suit on the bond, Keron and Hirt pleaded several pleas, all of which, except two, were, on motion, stricken out by the court. The suit slept from 1868 until 1874, when the plaintiffs therein amended their declaration by leave of the court, and Keron and Hirt being required to plead thereto, filed their bill in this suit, claiming the interference of this court, on the ground that after the giving of the bond, Coon and Platt induced Tucker to leave this state after Keron and Hirt had become bail for him, and that he accordingly went to Minnesota and Wisconsin, in May, 1868, and while in the former state, some time in the latter part of that month, or the beginning of the next, Coon and Platt, with others of his creditors, caused him to be arrested in a civil action, and presented and prosecuted against him, in that suit, the very claims on which the suit in which the bail bond had been given, was brought. The bill further states that they caused his detention in the west for two years thereafter, by means of the suit prosecuted against him there; and further, that they, with others of his creditors, instituted proceedings in Wisconsin, against a person there to whom he had sold out his business, and who, as part of the consideration of the purchase, had assumed the payment of his business debts, including their claim, and that in those proceedings a receiver was appointed and money collected, out of which they received satisfaction of their claim. The complainants insist that by reason of the premises, they are in equity discharged from liability on the bond. The bill prays an answer without oath. Annexed to the bill, by way of verification of the facts stated in reference to the transaction in the west, is an affidavit of Tucker. There is no other verification of the bill in that respect. Platt answered on oath, and now moves to dissolve the injunction. Coon died before the bill was filed. The answer fully and explicitly denies the equity of the bill. It denies, in gross and in detail, all the allegations charging Coon and Platt with inducing Tucker to go to

Wisconsin and Minnesota, or either of them, or with pro-curing his arrest or detention in either of those states, or in any way interfering with his personal liability there, or with prosecuting or presenting their claim against him in any suit or proceeding in Wisconsin, or with having received any money or other thing, in settlement or on account of that claim.

According to the general rule, the equity of the bill having been completely answered, the injunction should be dissolved, and I am unable to discover any reason for making an excep-tion in this case. The complainants insist, however, that such reason may be found in the fact that the bill is verified by the affidavit of Tucker to all the material facts, and they claim that this gives the bill a preponderance over the answer, which is verified only by the usual oath of the defendant. But on a careful examination of Tucker's affidavit, it will appear that he does not swear that Coon and Platt induced him to leave this state. He says that one Southworth, one of his creditors in the west, visited him at his (Tucker's) residence, in Vineland, in this state, in April, 1868, on behalf of himself and Tucker's other creditors there; that Southworth came authorized, "as he represented," by the other creditors, to effect a settlement of their claims; that he (Tucker) was urged, on behalf of the creditors, to return to the west, in order to have the affairs settled up, and in that way discharge his debts, including those on which he had been arrested and held to bail in Union county; that South-worth returned to the west, and that afterwards he (Tucker) received a letter from him, dated, St. Paul's, April 23d, 1868, informing him that he had seen all Tucker's creditors, and urging him to come there; that in pursuance of such solici-tation, he left this state on the 8th of May, 1868, and went to the west; that after his arrival there, and in the month of May, or the beginning of June, 1868, he was arrested at Winona by the chief of police of St. Paul's, and taken to the latter place; that his arrest was made at the instance of his creditors, and after he was in custody, his creditors, and

among them Coon and Platt, presented their claims against him, &c. It will be observed that he does not connect Coon and Platt with the visit of Southworth, except by the statement that the latter "represented" to him that he was authorized "by the other creditors" to effect a settlement. All the statements in Tucker's affidavit, involving Coon and Platt, are distinctly and positively denied in the answer, and all of them, except the alleged representations of Southworth, are within the knowledge of Platt, and as to them, the answer expressly denies that Coon and Platt personally induced Tucker to return to Minnesota or Wisconsin, and that any person or persons were in any way authorized by them to induce, or make any representations on their behalf, to Tucker, to go to those states, or either of them, for the purpose of effecting a settlement of his debts, or for any other purpose whatsoever; and Platt expressly denies that, directly or indirectly, personally, or through or by any other person or persons, Coon and Platt had anything whatever to do with the return of Tucker, and he expressly says that he had no knowledge of Tucker's return until the latter was in Minnesota.

The complainants insist that the fact that the suit on the bail bond has been permitted to sleep since 1868, is of itself sufficient to induce this court to retain the injunction until the hearing. It appears, from the answer, that on striking out the pleas, the circuit court gave the plaintiffs leave to amend their declaration, and required the defendants to plead to the amended declaration in thirty days after service on their attorney, of notice of the filing thereof. The answer alleges that the delay which has taken place since then has been occasioned by the efforts of the parties to effect an amicable settlement of the controversy. The complainants specify no particular in which they have been prejudiced in their rights by this delay, although in the bill they insist that their liability and risk have been increased thereby, and that in equity they should, on that account, be held to be released and discharged from their liability on the bail bond.

I do not perceive on what ground this delay in prosecuting the suit against the bail, however occasioned, can constitute any claim to equitable relief in the premises.

The complainants urge that a sufficient reason for holding the injunction till the hearing may be found in the fact that if it be dissolved, they will be remediless. But that consideration, standing alone, is not sufficient in this case. If it were, it would be equally so in every case where an injunction is granted to stay a suit at law to which there is no valid defence. The injunction will be dissolved, with costs.